23-0080
*Andritz Hydro Canada v. Rochester Gas & Electric*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 4th day of October, two thousand twenty-three.

Present:
> DEBRA ANN LIVINGSTON,
> *Chief Judge*,
> BARRINGTON D. PARKER,
> WILLIAM J. NARDINI,
> *Circuit Judges.*

_____

ANDRITZ HYDRO CANADA, INC., THE SUCCESSOR TO VA TECH HYDRO CANADA, INC.,

> *Plaintiff-Appellant*,

v.                                                          23-0080

ROCHESTER GAS AND ELECTRIC CORPORATION,

> *Defendant-Appellee*.

_____

For Plaintiff-Appellant:          CHAD W. FLANSBURG, Phillips Lytle LLP

For Defendant-Appellee:          JOSHUA M. AGINS (Joseph G. Curran, *on the brief*), Ward Greenberg Heller & Reidy LLP

1

Appeal from a judgment of the U.S. District Court for the Western District of New York (Geraci, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant Andritz Hydro Canada, Inc. ("Andritz") appeals a judgment entered on January 4, 2023 in the United States District Court for the Western District of New York (Geraci, *J.*) dismissing its breach of contract claim against Rochester Gas and Electric Corporation ("RG&E"). On appeal, Andritz argues that RG&E's 12-year suspension of the parties' contract—and its indication that it was unlikely to lift the suspension—constituted RG&E's abandonment and termination of the contract, entitling Andritz to damages for breach. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal. We set them forth here only insofar as necessary to explain our determination that Andritz failed to preserve this argument before the district court and our conclusion not to consider it.

"The law in this Circuit is clear that where a party has shifted his position on appeal and advances arguments available but not pressed below, and where that party has had ample opportunity to make the point in the trial court in a timely manner, waiver will bar raising the issue on appeal." *United States v. Braunig*, 553 F.2d 777, 780 (2d Cir. 1977) (citations omitted). Even when a party has mentioned a point below, a "single, conclusory, one-sentence argument is insufficient to preserve any issue for appellate review." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 n.4 (2d Cir. 2000); *see 23-34 94th St. Grocery Corp. v. N.Y.C. Bd. of Health*, 685 F.3d 174, 184 n.8 (2d Cir. 2012). Likewise, a party forfeits an issue when it "merely incorporat[es] by reference an argument presented to the district court, stat[es] an issue without advancing an argument,"

*Norton v. Sam's Club*, 145 F.3d 114, 117 (2d Cir. 1998), "merely incant[s] the phrase . . . and then immediately proceed[s] to argue a different theory," or fails to "offer *some* argument or development of its theory," *United States v. Griffiths*, 47 F.3d 74, 77 (2d Cir. 1995). Nonetheless, this Court retains "discretion to consider waived arguments" and will exercise it "where necessary to avoid a manifest injustice." *Allianz Insur. Co. v. Lerner*, 416 F.3d 109, 114 (2d Cir. 2005) (internal quotation marks omitted).

Here, Andritz's core argument on appeal was presented below, to the extent presented at all, in a single sentence (followed by a citation to a 1902 case with an explanatory parenthetical) located in its response to RG&E's motion to dismiss. The sentence presumes that abandonment and termination occurred under the present facts, but neither the sentence nor the explanatory parenthetical advances an argument as to *why* RG&E's suspension constituted abandonment and termination—let alone that New York law compels such a conclusion. Moreover, the sentence falls mid-paragraph in a section of the response devoted to an entirely different theory—that RG&E terminated the contract by failing to respond to Andritz's November 4, 2019, letter. Andritz does not purport to raise on appeal this theory of termination by silence. Nor does it pursue the other theory developed in the district court—that RG&E terminated the contract in its letter dated April 16, 2020, and is therefore liable for damages.

We conclude that Andritz failed to adequately present its argument in the district court and has therefore not preserved it for consideration here. Furthermore, this Court discerns no "manifest injustice" in declining to consider the forfeited argument on appeal. "Although we may exercise discretion to consider [forfeited] arguments where necessary to avoid a manifest injustice, the circumstances normally do not militate in favor of an exercise of discretion to address . . . new arguments on appeal . . . where those arguments were available to the [parties] below and

3

they proffer no reason for their failure to raise the arguments below." *In re Nortel Networks Corp. Sec. Litig.,* 539 F.3d 129, 133 (2d Cir. 2008) (second alteration in original) (internal quotation marks omitted). Here, Andritz does not dispute that the argument articulated on appeal was available to it below. In its briefs, Andritz proffers neither an explanation for not pressing the argument before the district court nor a suggestion that a failure to consider it would result in manifest injustice.

We have considered Plaintiff-Appellant's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk